UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESSIE J. GILCHRIST,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. SMALL BUSINESS ADMINISTRATION AGENCY,<br><br>    Defendant. | No. 2:15-cv-02678-JAM-AC<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21). Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

I. SCREENING STANDARD

Granting IFP status does not end the court's inquiry. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiffs must assist the court in making this determination by drafting their complaint so that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the

1

1  reason the case is filed in this court, rather than in a state court), as well as a short and plain
2  statement showing that plaintiffs are entitled to relief (that is, who harmed the plaintiffs, and in
3  what way).  Plaintiffs' claims must be set forth simply, concisely and directly.  See "Rule 8" of
4  the Federal Rules of Civil Procedure (Fed. R. Civ. P. 8).  The Federal Rules of Civil Procedure
5  are available online at www.uscourts.gov/rules-policies/current-rules-practice-
6  procedure/federalrules-civil-procedure.  Forms are also available to help pro se plaintiffs organize
7  their complaint in the proper way.  They are available online at www.uscourts.gov/forms/pro-se-
8  forms.

9       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the
11 court will (1) accept as true all of the factual allegations contained in the complaint, unless they
12 are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
13 plaintiff, and (3) resolve all doubts in the plaintiffs' favor.  See Neitzke, 490 U.S. at 327;
14 Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at
15 Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).

16      However, the court need not accept the truth of legal conclusions that are phrased as
17 factual allegations, or allegations that contradict matters properly subject to judicial notice.  See
18 Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State
19 Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

20      Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
21 Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may
22 only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support
23 of her claim which would entitle her to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.
24 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an
25 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See
26 Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).
27 ////
28 ////

## II.  ANALYSIS

Plaintiff's complaint reads, in its entirety, as follows:

> Unlawful to deny promotion and or due process in retaliation. Also obstruction of attempts to obtain union representation for the District Office and misinformation by Admin Officer to not include employees in monetary settlement given by Union. Other harassing events by District Director, employees which was noticed and told to me to make sure I noticed by other SBA employees in PLP, and Disaster Office during co-partnered events.

ECF No. 1 at 1.  Plaintiff's complaint also attaches correspondence from the U.S. Equal Employment Opportunity Commission (EEOC) regarding a claim she filed before them.  Plaintiff does not, however, explain how that correspondence relates to her complaint.

Such a complaint does not contain a short and plain statement showing the court has jurisdiction and why plaintiff is entitled to relief, as required by Federal Rule of Civil Procedure 8(a).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff's brief complaint contains sentences that are largely incomplete and/or incoherent.  Based on what can be understood from her complaint and its attachments, it seems that plaintiff is pursuing some sort of employment discrimination claim against defendant.  It is not clear, however, precisely what claim or claims plaintiff is asserting or what facts her complaint is based on.  Accordingly, the court finds that plaintiff has failed to comply with the requirements of Federal Rule 8(a) and her complaint must be dismissed.  The court will, however, grant plaintiff leave to file an amended complaint.

Plaintiff is cautioned that if she chooses to file an amended complaint, she must submit a short and plain statement in accordance with Federal Rule 8(a) pointing to some cognizable legal theory that entitles her to relief.  Any amended complaint must also include facts that establish the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if her allegations are true.  The amended complaint should contain separately numbered, clearly identified claims.  While plaintiff is certainly free to attach relevant documents to her complaint, she cannot rely upon that documentation to supply the bulk of her legal and factual allegations without any explanation whatsoever.

1  In addition, the allegations of the amended complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b). Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

III. CONCLUSION

In accordance with the foregoing, THE COURT HEREBY ORDERS that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 2, is GRANTED;

2. Plaintiff's complaint, ECF No. 1, is DISMISSED; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

////
////
////

4. The Clerk of the Court is directed to send plaintiff a copy of Pro Se Form No. 7, Complaint for Employment Discrimination, available at http://www.uscourts.gov/forms/pro-se-forms/complaint-employment-discrimination. Plaintiff may, but is not required to, use the form to organize her amended complaint in the proper way.

DATED: January 7, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE