UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESSIE J. GILCHRIST,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. SMALL BUSINESS ADMINISTRATION AGENCY<br><br>    Defendant. | No. 2:15-cv-02678-JAM-AC<br><br><br>ORDER |

  Plaintiff is proceeding in this action pro se. On January 8, 2016 this court granted plaintiff in forma pauperis ("IFP") status and dismissed the complaint for failure to meet the pleading requirements of Federal Rule of Civil Procedure 8(a) ("Rule 8"). ECF No. 3. The court provided plaintiff with guidance regarding the applicable rules and procedural requirements, and granted her thirty days from the date of the Order to file an amended complaint. Plaintiff filed an amended complaint on February 2, 2016. ECF No. 4. That complaint is now before the court.

SCREENING STANDARD

  The IFP statute requires federal courts to dismiss a case if the action is legally "frivolous" or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous or not, by drafting his complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of

the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).  However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## DISCUSSION

Although the Amended Complaint utilizes the court's form Complaint for Employment Discrimination, it does not provide a "short and plain" statement of plaintiff's claim(s) as required by Rule 8(a).  The body of the complaint indicates that plaintiff (1) brings suit under Title VII of

1  the Civil Rights Act, the Age Discrimination in Employment Act, and the Americans with
2  Disabilities Act, (2) alleging failure to promote, retaliation, harassment, and hostile work
3  environment, (3) all constituting discrimination on the basis of race, color, gender, age, and
4  disability (sight).  ECF No. 4 at 4-5.  However, neither the body of the complaint nor its
5  attachments identify what facts are intended to support which claims.

6  The body of the complaint contains no factual allegations.  Plaintiff has attached
7  correspondence to and from the Equal Employment Opportunity Commission, which includes a
8  handwritten statement of "points" related to her agency appeal and a three page chart[1] which
9  appears to correlate certain incidents involving specific people with particular alleged legal
10 violations.  ECF No. 4 at 10-16.  This information is both confusing and incomplete.  Plaintiff has
11 not provided a short and plain statement explaining who took adverse employment actions against
12 her, when the adverse actions were taken, and what facts support a conclusion that the adverse
13 actions were on account of plaintiff's race, color, gender, age, and disability.  The Amended
14 Complaint does not provide an adequate basis for the court to determine whether plaintiff's
15 claims are non-frivolous.  Accordingly, it will be dismissed for non-compliance with Rule 8, and
16 plaintiff will be afforded another opportunity to amend.

17 AMENDING THE COMPLAINT

18 The Second Amended Complaint must contain a short and plain statement of plaintiff's
19 claim.  The allegations of the complaint must be set forth in  sequentially numbered paragraphs,
20 with each paragraph number being one greater than the one before, each paragraph having its own
21 number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph
22 should be limited "to a single set of circumstances" where possible.  Fed. R. Civ. P. 10(b).[2]

23 The complaint must separately and concisely identify the facts supporting plaintiff's
24 claims of discriminatory failure to promote, retaliation, harassment, and hostile work
25 environment.  As to each type of alleged discrimination, plaintiff must identify the individual(s)

26

---

27 [1] This appears to be an excerpt of a longer document, not a complete chart.
[2] As plaintiff already knows, forms are available at the Clerk's Office, 501 I Street, 4th Floor
28 (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

1  responsible for the discriminatory act(s), and the date(s) of the adverse actions.  Also, because
2  discriminatory intent is necessary to state a claim under the civil rights statutes cited by plaintiff,
3  she must state facts supporting a conclusion that the alleged adverse actions were taken on
4  account of her race, color, gender, age, and/or disability.

5  In amending the complaint, plaintiff must avoid excessive repetition of the same
6  allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not
7  include every detail of what happened, nor recount the details of conversations (unless necessary
8  to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the
9  amended complaint should contain only those facts needed to show how the defendant legally
10  wronged the plaintiff.

11  The amended complaint must not force the court and the defendants to guess at what is
12  being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)
13  (affirming dismissal of a complaint where the district court was "literally guessing as to what
14  facts support the legal claims being asserted against certain defendants").  The amended
15  complaint must not require the court to spend its time "preparing the 'short and plain statement'
16  which Rule 8 obligated plaintiffs to submit."  Id. at 1180.  The amended complaint must not
17  require the court and defendants to prepare lengthy outlines "to determine who is being sued for
18  what."  Id. at 1179.

19  Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's
20  amended complaint complete.  An amended complaint must be complete in itself without
21  reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended
22  complaint supersedes the original complaint.  See Pacific Bell Telephone Co. v. Linkline
23  Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint
24  supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &
25  Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an
26  original complaint, each claim and the involvement of each defendant must be sufficiently
27  alleged.
28  ////

If plaintiff is unable to meet these standards in a Second Amended Complaint, that complaint will be subject to dismissal without further leave to amend.  See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009), as amended February 10, 2009.

CONCLUSION

In accordance with the foregoing, the court HEREBY ORDERS as follows:

1. Plaintiff's Amended Complaint, ECF No. 4, is DISMISSED; and
2. Plaintiff is granted thirty days from the date of service of this Order to file a Second Amended Complaint that complies with the requirements of the Federal Rules of Civil Procedures, the Local Rules of Practice, and the Orders of this court.  The Second Amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."  Plaintiff must file an original and two copies of the Second Amended Complaint.  Failure to file a Second Amended Complaint in accordance with this Order will result in a recommendation that this action be dismissed.

DATED:  December 9, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE