UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESSIE J. GILCHRIST, | No. 2:15-cv-2678 JAM AC PS |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| U.S. SMALL BUSINESS ADMINISTRATION AGENCY, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. This court granted plaintiff in forma pauperis ("IFP") status and dismissed the original complaint for failure to meet the pleading requirements of Federal Rule of Civil Procedure 8(a) ("Rule 8). See ECF No. 3. Subsequently, plaintiff filed her first amended complaint that was also dismissed upon screening, for the same pleading defects. ECF No. 5. In both instances, the court provided plaintiff with guidance regarding the applicable rules and procedural requirements.

Upon dismissal of her first amended complaint, the court granted plaintiff thirty days to file a second amended complaint ("SAC"). Plaintiff filed her SAC on January 6, 2017. ECF No. 6. That complaint is now before the court.

////

////

1

I. SCREENING STANDARDS

The IFP statute requires federal courts to dismiss a case if the action is legally "frivolous" or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous or not, by drafting his complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support

of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II. THE SECOND AMENDED COMPLAINT

Although the Second Amended Complaint ("SAC") utilizes the court's form Complaint for Employment Discrimination, plaintiff's allegations are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. Plaintiff alleges violations of Title VII, the Age Discrimination in Employment Act, and the Americans with Disabilities Act, due to an alleged but unspecified failure to promote, retaliation, harassment, and hostile work environment based on plaintiff's race, color, gender, age, and disability. ECF No. 6 at 5-6. Plaintiff's statement of supporting facts reads, in its entirety, as follows:

> Reference made to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000 et seq to 2000 e- 17- in 2008 and 2011, I was denied positions of promotions for which I was very qualified. Also, American with Disabilities Act of 1990 42 U.S.C. 12112 to 12117 Darphus J. O'Neal- September 20, 2011 25 24 incident and others which violated my civil rights. Age Discrimination Act of 1990, as codified, 42 U.S.C. 2112 to 12117 in which the supervisors sought to deceive and willfully obstruct my ability to compete for employment by taking well sought after projects, presentations, programs that were created by me. Retaliatory Actions- with the Union, for filing an EEO Complaint, also initiating the office staff to cause a Hostile Environment. Several incidents of employees actually showing this behavior in front of the Director. The incidents were in staff meetings, with computer specialist and Admin Officer and newly selected supervisor of Loan Specialist GS 13 position on February 29, 2012.

ECF No. 6 at 2.

The information provided is conclusory, incomplete, confusing and vague. The SAC fails to provide the basic operative facts of any adverse employment decision(s). For this reason, the complaint does not contain the short and plain statement required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community

3

Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendant engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed.

### III. FUTILITY OF FURTHER AMENDMENT

This is the third time that the court has found a wholesale failure to comply with Rule 8. Plaintiff has twice been granted leave to amend, with instructions on how to satisfy Rule 8. Plaintiff was warned that failure to adhere to these standards would result in a dismissal of her complaint without further leave to amend. ECF No. 5 at 5. Nevertheless, plaintiff has failed to allege facts sufficient to state any claim against. As plaintiff has had ample opportunity to correct the deficiencies in her complaint, and she continues to make conclusory allegations which the court previously advised her are insufficient, the court finds that any further attempt to amend would be futile. See Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) (further amendment need not be permitted when it would be futile).

### III. CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's second amended complaint (ECF No. 6), be DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 11, 2017

_Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE